UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN THE MATTER OF FRITO-LAY NORTH AMERICA, INC. ALL NATURAL LITIGATION

**MEMORANDUM & ORDER**
12-MD-2413 (RRM)(RLM)

-------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

The Court has considered the Class Action Settlement Agreement, dated November 10, 2015 ("Settlement Agreement"), the parties' motion for an order preliminarily approving the Settlement Agreement, the record in this litigation, the arguments and recommendations made by counsel, and the requirements of law. The Court finds and orders as follows:

1. <u>Preliminary Approval of Settlement Agreement</u>. The Settlement Agreement is preliminarily approved. The Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, the terms of which are within the range of reasonableness. The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of a third party mediator, retired United States District Judge Richard J. Holwell. The Settlement Agreement is not the result of collusion.

2. <u>Defined Terms</u>. The Court, for purposes of this Preliminary Approval Order, adopts all defined terms set forth in the Settlement Agreement.

3. <u>Jurisdiction</u>. For purposes of the Settlement Agreement, the Court has subject matter and personal jurisdiction over the parties, including all class members, and venue is proper. The Court retains exclusive and continuing jurisdiction over the class action, administrator, settling

parties, and their counsel for all matters relating to the Settlement, including administration, interpretation, effectuation and enforcement. The class action administrator, the settling parties and their counsel submit to the jurisdiction of the Court for purposes of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court finds and concludes that, for the purposes of approving this Settlement only, and for no other purpose and with no effect on the litigation should the proposed Settlement Agreement not ultimately be approved or should the effective date not occur, the proposed Rule 23(b)(2) settlement class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs and class counsel will fairly and adequately protect the interests of the class because the plaintiffs have no interests antagonistic to the class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the class; and (e) the defendant has acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

5. The proposed settlement was reached only after extensive investigation, discovery, and motion practice in the litigation, and was the result of protracted negotiations conducted by the parties, over the course of many months, including with the assistance of a mediator, retired United States District Judge Richard J. Holwell. The plaintiffs and class counsel maintain that the litigation and the claims asserted therein are meritorious and that plaintiffs and the class would have prevailed at trial. Notwithstanding, the plaintiffs and class counsel have agreed to settle the litigation pursuant to the provisions of the Settlement Agreement, after considering, among other things: (i) the substantial benefits to plaintiffs and the class under the

terms of the Settlement Agreement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to defendant's defenses and the expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual class member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating the Settlement promptly in order to provide effective relief to plaintiffs and the class.

6. The Court accordingly certifies, for settlement purposes only, a class under Rule 23(b)(2), consisting of all consumers in the United States and U.S. territories (including, but not limited to, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, and the other territories and possessions of the United States), who purchased one or more of the Products, identified in paragraph 1.20 of the Settlement Agreement (listed in paragraph 20(b) below), in the United States or U.S. territories during the period January 1, 2010 through the date of the entry of this Order.  Excluded from the Class are: (a) persons or entities who purchased the Products for the purpose of resale or distribution; (b) persons who are employees, directors, officers, and agents of Defendant or its parent or subsidiary companies; (b) governmental entities; (c) persons who timely and properly exclude themselves from the Class as provided in this Order; and (d) any judicial officer hearing this litigation, as well as their immediate family members and employees.

7. <u>Class Representatives</u>.  Plaintiffs Julie Gengo, Chris Shake, Valarie Zuro, and Deborah Lawson are designated as representatives of the provisionally certified class.  The Court preliminarily finds that they are similarly situated to absent class members, and, thus, are typical of the class, and that they will be adequate class representatives.

8.      <u>Class Counsel</u>.  Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Milberg LLP and Reese LLP as class counsel, whom the Court finds are experienced and adequate counsel.

9.      <u>Notice</u>.  The form and content of the proposed Long Form Notice and Summary Notice, attached as Exhibit A and Exhibit B, respectively, to the Settlement Agreement, and the notice methodology described in the Settlement Agreement and the Notice Plan, attached as Exhibit C to the Settlement Agreement, are hereby approved.  The Court finds that the publication of the Notice in the manner, timing, and form set forth in the Settlement Agreement satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members.  The Court approves the designation of Dahl Administration, LLC to serve as the Court-appointed class action administrator for the Settlement.  The class action administrator shall administer the Settlement subject to the jurisdiction of the Court.  The class action administrator shall disseminate class notice and supervise and carry out the Notice Plan, the processing of opt-out requests, and other administrative functions, and shall respond to class member inquiries under the direction and supervision of the Court.  Defendant shall pay the cost of notice pursuant to paragraph 6.1 of the Settlement Agreement.  The Court directs that notice shall be given to the class as provided by the notice methodology described in the Settlement Agreement and the Notice Plan.

   a. The class action administrator will create and maintain a class settlement website (the "Class Settlement Website"), to be activated within seven (7) calendar days of entry of this Preliminary Approval Order.  The Class Settlement Website will contain Settlement information and case-related documents such as the Settlement Agreement, this Preliminary Approval Order, the Notice, class

        counsel's papers in support of final approval of the Settlement and their application for attorneys' fees and expenses, and for case contribution awards to the plaintiffs. In addition, the Class Settlement Website will include procedural information regarding the status of the Court-approval process, such as an announcement of the Fairness Hearing date, when the Final Judgment and Order has been entered, and when the effective date has been reached, including any appeal(s).

    b. Within seven (7) calendar days of entry of this Preliminary Approval Order, the class action administrator will establish and maintain a toll-free telephone number that will provide Settlement-related information to class members.

    c. Within seven (7) calendar days of entry of this Preliminary Approval Order, the class action administrator will establish and maintain a Post Office box to receive Settlement-related communications from class members, including Requests for Exclusion.

    d. Within ten (10) calendar days of entry of this Preliminary Approval Order, the class action administrator will commence providing Notice to the class according to the Notice Plan.

10.    <u>Requests for Exclusion</u>. Any class member who does not wish to participate in the Settlement must submit a Request for Exclusion to the class action administrator, stating an intent to be "excluded" from the Settlement. The written Request for Exclusion must be sent via first class United States mail to the class action administrator at the address set forth in the Notice and be postmarked no later than twenty-eight (28) calendar days before the date set for the Fairness Hearing. The Request for Exclusion must be personally signed by the class member and may only

be on behalf of such signing class member. So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed ineffective. Members who "opt-out" will not release their claims pursuant to the Settlement Agreement. Every Request for Exclusion must contain the following information for the person seeking to "opt-out": (a) full name, (b) current address, (c) a clear statement communicating that he or she elects to be excluded from the class, does not wish to be a class member, and elects to be excluded from any judgment entered pursuant to the Settlement, (d) his or her signature, and (e) the case name and case number (Frito-Lay North America, Inc. "All Natural" Litigation, No. 12-MD-2413-RRM-RLM (E.D.N.Y.)). Class members who fail to submit a timely and proper Request for Exclusion on or before the date specified in the Notice shall be bound by all terms of the Settlement Agreement and Final Judgment and Order.

11. <u>Objections and Appearances</u>. Any class member may object to the settlement. Any objection to the Settlement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy served on Class Counsel and Defense Counsel at the addresses set forth below, and postmarked no later than twenty-eight (28) calendar days before the Fairness Hearing date.

    **<u>Class Counsel</u>**:

    Ariana J. Tadler Milberg LLP One Penn Plaza
    New York, NY 10119-0165

    Michael R. Reese Reese LLP
    100 West 93rd Street, 16th Floor New York, NY 10025

    **<u>Defense Counsel</u>**:

    Jason R. Meltzer
    Gibson, Dunn &
    Crutcher LLP
    1050 Connecticut
    Avenue, N.W.

      Washington, D.C.
      20036-5306

Any objection regarding or related to the Settlement Agreement shall contain (a) the objector's full name, address and telephone number; (b) the name, address, and telephone number of any attorney for the objector with respect to the objection; (c) the factual and legal grounds for the objection(s); (d) evidence of his or her membership in the Class, i.e., a receipt for Product purchase(s) or verification under oath as to the approximate date(s) and location(s) of his or her purchase(s) of the Products; (e) his or her signature; (f) the signature of the objector's counsel, if any; (g) the case name and case number (Frito-Lay North America, Inc. "All Natural" Litigation, No. 12-MD-2413-RRM-RLM (E.D.N.Y.)); and (h) a specific list of any other objection by the objector, as well as by the objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years. Any objections not containing the required information and/or not submitted to the Court at least twenty-eight (28) calendar days before the Fairness Hearing date will be deemed waived and will not be considered by the Court.

12.    If an objecting party chooses to appear at the hearing, that party must, in addition to filing his or her objection, also file with the Court, at least twenty-eight (28) calendar days before the Fairness Hearing date, a notice of intent to appear listing the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

13.    A class member who appears at the Fairness Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such class member. No class member shall be permitted to raise matters at the Fairness Hearing that the class member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

14. If a class member wishes to present witnesses or evidence at the Fairness Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Fairness Hearing. Plaintiffs or defendant or both may take discovery regarding the proposed witnesses and evidence, subject to Court approval.

15. Class members who do not oppose the Settlement or Class Counsel's application for an award of attorneys' fees and expenses and case contribution awards for the Class Representatives (the "Fee Application") need not take any action to indicate their approval.

16. Class Counsel will file their opening papers in support of final approval of the Settlement and the Fee Application no later than forty-two (42) calendar days before the Fairness Hearing. Defendant shall have the right, but not the obligation, to file papers in support of final approval of the Settlement. Class Counsel and defendant shall have the right, but not the obligation, to respond to any objection, by filing opposition papers no later than seven (7) calendar days before the Fairness Hearing. The Party shall file a copy of the response with the Court, and shall serve a copy on the objector (or counsel for the objector) to the extent the objector or counsel for the objector do not receive notice of electronic filings via the Court's ECF filing system.

17. **Fairness Hearing**. A Fairness Hearing shall be held before this Court on November 14, 2017, at 11:00 A.M. in the United States District Court for the Eastern District of New York, before United States District Judge Roslynn R. Mauskopf, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine whether the settlement

of the Litigation pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Federal Rule of Civil Procedure Rule 23(e). The Court will hear any arguments regarding, or objections to, the Fee Application at that time. Papers in support of final approval of the Settlement Agreement and Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 22, below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Judgment and Order in accordance with the Settlement Agreement that will adjudicate the rights of the class members with respect to the claims being settled.

18. No later than seven (7) calendar days before the Fairness Hearing, the Class Action Administrator shall (a) file with the Court affidavits or declarations concerning implementation of the Notice Plan and (b) provide to the Parties and file with the Court a list reflecting all timely Requests for Exclusion.

19. **Stay of the Litigation**. Pending the Fairness Hearing, all proceedings in the litigation, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order, are hereby stayed.

20. **Stay of Collateral and Related Litigation**. Class members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any Released Claims. In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to

9

include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of class members, or asserting any Released Claims. Nothing herein shall require any class member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member. Provided, however, nothing in this paragraph shall be construed to prohibit class members from participating in or receiving benefits from any government or regulatory-initiated enforcement action.

    a. "Released Claims" (as defined in Paragraph 1.22 of Settlement Agreement) means all causes of action, claims, suits, debts, damages, judgments, liabilities, demands and controversies whatsoever—whether matured or unmatured, now known or unknown, liquidated or unliquidated, at law or in equity, whether before a local, state or federal court, or state or federal administrative agency, commission, arbitrator(s) or otherwise—that the class members now have or may have, and for all times up to and including the date of final approval of the settlement, for all claims that were or could have been asserted relating to the use of the word "natural" in describing the Products or presence of GMOs in the Products, except for claims of personal injury or wrongful death.

    b. The following Frito-Lay Tostitos, SunChips, or Bean Dip products are "Products" included in the Settlement:

- Tostitos Restaurant Style Tortilla Chips
- Tostitos Bite Size Rounds Tortilla Chips
- Tostitos Crispy Rounds Tortilla Chips
- Tostitos Multigrain Tortilla Chips
- Tostitos Scoops Tortilla Chips

- Tostitos Multigrain Scoops Tortilla Chips
- Tostitos Restaurant Style with a Hint of Lime Flavored Tortilla Chips
- Tostitos Restaurant Style with a Hint of Jalepeño Flavored Tortilla Chips
- Tostitos Restaurant Style with a Hint of Pepper Jack Flavored Tortilla Chips
- Tostitos Artisan Recipes Fire-Roasted Chipotle Flavored Tortilla Chips
- Tostitos Artisan Recipes Baked Three Cheese Queso Flavored Tortilla Chips
- Tostitos Artisan Recipes Roasted Garlic and Black Bean Flavored Tortilla Chips
- Tostitos Artisan Recipes Toasted Southwestern Spices Flavored Tortilla Chips
- SunChips Original Flavored Multigrain Snacks
- SunChips Garden Salsa Flavored Multigrain Snacks
- SunChips French Onion Flavored Multigrain Snacks
- SunChips Harvest Cheddar Flavored Multigrain Snacks
- SunChips Jalepeño Jack Flavored Multigrain Snacks
- SunChips 6 Grain Medley Parmesan & Herb Flavored Multigrain Snacks
- SunChips 6 Grain Medley Creamy Roasted Garlic Flavored Multigrain Snacks
- Fritos Bean Dip
- Fritos Hot Bean Dip

21. **Termination of Settlement**.  In the event the Court does not grant final approval of the Settlement, or for any reason the parties fail to obtain a Final Judgment and Order as contemplated by the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or the effective date does not occur for any reason, then the following shall apply:

  a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used

11

or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

b. The provisional certification of the Class pursuant to this Preliminary Approval Order shall be vacated automatically, and the litigation shall proceed as though the class had never been provisionally certified pursuant to the Settlement Agreement and provisional findings related to Rule 23 shall have no force or effect for the remainder of the litigation;

c. Nothing contained in this Preliminary Approval Order is, or may be construed as, a presumption, concession or admission by or against defendant or plaintiffs of any default liability or wrongdoing as to any facts or claims alleged or asserted in the litigation, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the class;

d. Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking certification of the class; and

e. All of the Court's prior orders having nothing whatsoever to do with the Settlement shall, subject to this Preliminary Approval Order, remain in full force and effect.

22. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Settlement Agreement does not become final and shall not be construed or used as an admission, concession, or declaration by or against defendant of any fault, wrongdoing, breach, or liability.

Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against plaintiffs or the other class members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in the Litigation or in any other lawsuit.

23. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement Agreement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

24. This civil action was commenced after February 18, 2005. No later than seven (7) calendar days before the Fairness Hearing, defendant will file a certification with the Court stating the date or dates on which notice of this Settlement was sent to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

25. Deadlines for Filings in Advance of the Fairness Hearing:

    a. Papers in support of final approval of the Settlement Agreement shall be filed on or before October 3, 2017.

    b. Class Counsel shall file their Fee Application on or before October 3, 2017.

    c. Objections to the Settlement Agreement or Fee Application shall be filed on or before October 17, 2017.

    d. A notice of appearance must be filed by any person who files an objection and wants to be heard at the Fairness Hearing on or before October 17, 2017.

e. Requests for Exclusion shall be sent to the class action administrator postmarked on or before October 17, 2017.

f. Papers in response to objections to the Settlement Agreement or Fee Application shall be filed on or before November 7, 2017.

g. The class action administrator shall file affidavits or declarations concerning implementation of the Notice Plan on or before November 7, 2017.

h. On or before November 7, 2017, the class action administrator shall provide to the Parties and file with the Court a list reflecting all timely Requests for Exclusion.

i. On or before November 7, 2017, defendant shall file a certification stating the date or dates on which the CAFA Notice was sent.

Upon application of the Parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court, without further notice to the class.

SO ORDERED.

Dated: Brooklyn, New York
       August 24, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge