**MILBERG LLP**
ARIANA J. TADLER
HENRY J. KELSTON
One Penn Plaza, 50th Floor
New York, New York 10119-0165
Telephone:     (212) 594-5300
Facsimile:     (212) 868-1229
atadler@milberg.com
hkelston@milberg.com

**REESE LLP**
MICHAEL R. REESE
GEORGE V. GRANADE
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone:     (212) 643-0500
Facsimile:     (212) 253-4272
mreese@reesellp.com
ggranade@reesellp.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *Frito-Lay North America, Inc. "All Natural" Litigation* | Case No. 12-MD-02413-RRM-RLM |

**PLAINTIFFS' RESPONSE TO [POSSIBLE] OBJECTIONS TO SETTLEMENT**

Plaintiffs Julie Gengo, Chris Shake, Valarie Zuro, and Deborah Lawson respectfully submit this Response pursuant to paragraph 16 of the Court's Memorandum and Order of August 24, 2017 (ECF Doc. 107) (the "Preliminary Approval Order").

A. Only Two Ostensible Objections Have Been Filed.

The Preliminary Approval Order required that objections to the Settlement Agreement or Fee Application be filed on or before October 17, 2017, and that Plaintiffs' responses to any such objections be filed no later than November 7, 2017. Two relevant filings, virtually identical in form and substance, entitled "Plaintiff's Motion for Exclusion and Objections to Settlement Agreement" (the "Filings"), were made on October 10, 2017, by *pro se* filers Quincy Deshan Butler and Cecil Max-George (the "Filers") (ECF Docs. 113, 114). No other objections to the Settlement Agreement or Fee Application have been filed on ECF nor have any others been received by counsel for the Parties. This relatively small number of objections compared to the overall size of the Settlement Class weighs in favor of final approval of the Settlement and the Fee Application.

B. The Two Ostensible Objections are More Fairly Interpreted as Requests for Exclusion than as Objections.

Requesting exclusion from a class action settlement (or "opting out") and objecting to the settlement are mutually exclusive actions. A potential member of a settlement class who opts out has no standing to object to the settlement, as they are no longer bound by the settlement. *Reid v. SuperShuttle Int'l, Inc.*, No. 08-CV-4854 (JG) (VVP), 2012 U.S. Dist. LEXIS 113117, at *6 n.1 (E.D.N.Y. Aug. 10, 2012); *see also* 4 *Newberg on Class Actions*, § 13:23 (5th ed. 2015). The titles of the Filings here are self-contradictory, and must be interpreted either as requests for exclusion or objections to the Settlement Agreement.

The Second Circuit has held that any reasonable indication of a desire to opt out is sufficient. *Plummer v. Chemical Bank*, 668 F.2d 654, 657 n.2 (2d Cir. 1982) ("[a]ny reasonable indication of a desire to opt out should suffice"); *see also* 3 *Newberg on Class Actions*, § 9:46 (5th ed. 2015). Each of the Filers meets this standard when he "makes this, his timely motion for exclusion from the current class members and their proposed settlement agreement." The Filers then immediately add to their request for exclusion that they "further object to Defendants being relieved or release [sic] from future claims; to which I am not bound." The statement "to which I am not bound" further suggests that this should be treated as a request for exclusion, not an objection. For this reason, in addition to the Filers' unambiguous requests for exclusion from the Settlement, the Filings should be interpreted as Requests for Exclusion rather than Objections.

C. <u>The Filers have been listed in the class action administrator's proposed exhibit of persons who submitted timely exclusion requests.</u>

Butler and Max-George are included on the class action administrator's list of individuals who submitted timely requests to be excluded from the Settlement. See Exhibit 3 to Affidavit of Mark A. Fellows, also filed today (ECF Doc. 116-1). If that list is approved by the Court, Butler and Max-George would, therefore, not be bound by the terms of the Settlement.

D. <u>Even if the Filings were interpreted as Objections rather than as Requests for Exclusion, the Objections should be overruled.</u>

To the extent the Court treats the Filings as Objections rather than Requests for Exclusion, the Objections should be overruled.

The Filers are not specific about their objections to the class members' release of "future" claims.

3

If the Settlement is approved, the Released Claims would only cover claims "class members now have or may have … up to and including the date of final approval of the settlement … that were or could have been asserted relating to the use of the word "natural" in describing the Products or presence of GMOs in the Products, except for claims of personal injury or wrongful death."

The Released Claims would not preclude any so-called "future" claims that either (1) a class member did not have until after the date of final approval or (2) do not concern claims that were or could have been asserted relating to the use of the word "natural" in describing the Products or presence of GMOs in the Products, except for claims of personal injury or wrongful death.

So the release of "future" claims is properly limited by both time (the settlement would not release claims that class members do not have until after the date of final approval of the settlement) as well as subject matter (the settlement would not release claims that were not or could not have been asserted relating to the use of the word "natural" in describing the Products or presence of GMOs in the Products, nor would it release claims of personal injury or wrongful death).

The Filers also state that they have not had sufficient time to obtain the 'Settlement Agreement,' research the claims of the aggrieved Class Members, and come to the same or similar settlement agreement, since being notified of the deceptive practices of the Defendants." and that, due to the conditions of their incarceration, they have been "prohibited from accessing a computer or calling the Class Counsels …freely to discuss the harm and damage done to the Plaintiff herein."

If interpreted as objections to the Settlement Agreement based on the adequacy of notice, the Filers' objections would fail. Butler and Max-George acknowledge that they, even in prison with limited access to information, they received notice on September 10 and September 18, respectively. The existence of the Filings themselves should provide comfort to the Court that the Notice Plan gave them sufficient time to weigh their options as class members and meet the October 17 deadlines.

An objection by the Filers to the sufficiency of the notice of settlement would, therefore, be contradicted by the facts and should be overruled.

## CONCLUSION

Based on the foregoing, and on Plaintiffs' October 3 filing (ECF Docs. 108-112), Plaintiffs respectfully request that the Court

1. treat the October 10, 2017 Filings by *pro se* filers Quincy Deshan Butler and Cecil Max-George (ECF Docs. 113, 114) as Requests for Exclusion, rather than Objections (or to the extent that they are treated as Objections, overrule the Objections);

2. grant final approval of the Settlement as fair, reasonable, and adequate;

3. confirm certification of the Class for the purpose of the Settlement;

4. approve the mediated amounts for attorneys' fees and the reimbursement of costs and expenses sought by Class Counsel and approve the awards to Plaintiffs, which Defendant has agreed not to oppose, subject to the Court's approval; and

5. enter the Final Judgment and Order in the forms substantially similar to the previously-filed Exhibits F and G to the Settlement Agreement (ECF Doc. 100-2).

DATED: November 7, 2017         Respectfully submitted,

**MILBERG LLP**

By: */s/ Henry J. Kelston*
Ariana J. Tadler
atadler@milberg.com
Henry J. Kelston
hkelston@milberg.com
One Penn Plaza, 50th Floor
New York, New York 10119-0165
Tel: (212) 594-5300
Fax: (212) 868-1229

**REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese
mreese@reesellp.com
George V. Granade
ggranade@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
Fax: (212) 253-4272

*Class Counsel*