**MILBERG LLP**
ARIANA J. TADLER
HENRY J. KELSTON
One Penn Plaza, 50th Floor
New York, New York 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
atadler@milberg.com
hkelston@milberg.com

**REESE LLP**
MICHAEL R. REESE
GEORGE V. GRANADE
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com
ggranade@reesellp.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *Frito-Lay North America, Inc. "All Natural" Litigation* | ) Case No. 12-MD-02413-RRM-RLM |

## PLAINTIFFS' SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR AWARDS OF ATTORNEYS' FEES, EXPENSES, AND CASE CONTRIBUTION AWARDS

Plaintiffs Julie Gengo, Chris Shake, Valarie Zuro, and Deborah Lawson respectfully submit this Supplemental Filing in Support of Motion for Awards of Attorneys' Fees, Expenses, and Case Contribution Awards.

Plaintiffs previously submitted lodestar fee calculations based on the work of three law firms: Milberg LLP and Reese LLP (Co-Lead Class Counsel), and Law Offices of Julio J. Ramos. (See Joint Declaration of Michael R. Reese and Ariana J. Tadler in Support of: (1) Plaintiffs' Motion for Final Approval of Settlement and (2) Plaintiffs' Motion for Awards of Attorneys' Fees, Expenses, and Case Contribution Awards ("Joint Declaration") (ECF No. 112). at ¶¶ 55-56.) Attorney declarations providing detailed support for the submitted lodestar were filed as Exhibits A, B, and C to the Joint Declaration.

Plaintiffs hereby supplement their prior submission to include work performed by Eggnatz, Lopatin & Pascucci, LLP ("ELP"). ELP has devoted 205.1 hours to the case, yielding a lodestar of $107,677.50. The declaration of Joshua H. Eggnatz attesting to the work performed by ELP is attached hereto.

Any fees paid to ELP will be allocated by Co-Lead Class Counsel from the attorneys' fees awarded by the Court and will not increase the overall fees requested by Plaintiffs' Counsel.

DATED: November 7, 2017          Respectfully submitted,

**MILBERG LLP**

By: */s/ Henry J. Kelston*
Ariana J. Tadler
atadler@milberg.com
Henry J. Kelston
hkelston@milberg.com
One Penn Plaza, 50th Floor
New York, New York 10119-0165
Tel: (212) 594-5300
Fax: (212) 868-1229

**REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese
mreese@reesellp.com
George V. Granade
ggranade@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
Fax: (212) 253-4272

*Class Counsel*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Frito-Lay North America, Inc. "All Natural" Litigation* | Case No. 12-MD-02413-RRM-RLM |

**DECLARATION OF JOSHUA H. EGGNATZ IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF EGGNATZ, LOPATIN & PASCUCCI, LLP**

I, Joshua H. Eggnatz, declare as follows:

1. I am a member of the law firm of Eggnatz, Lopatin & Pascucci, LLP ("ELP"). I submit this declaration in support of an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this consumer class action litigation. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2. ELP has acted as one of Plaintiffs' Counsel in this litigation. ELP is a multi-jurisdictional law firm with offices in Davie, Florida, and San Francisco, California. The firm's practice is concentrated on consumer class actions in both federal and state courts, with a focus on consumer products litigation. ELP has served as sole lead-counsel, co-lead counsel or on an executive committee in numerous class actions, including cases brought on behalf of consumers.

3. I have been personally involved in all aspects of my firm's work in this litigation, including the following: conducting a thorough investigation of the claims, ingredients, manufacturing process, and the regulatory framework surrounding the products at issue;

interviewing putative class members regarding their experiences and reasons for purchasing the subject products; thoroughly analyzing the legal landscape to determine if, and in what manner, to approach remedying Defendant's labeling practices; analysis of pricing data; legal briefing and court appearance at the Judicial Panel on Multi-District Litigation; assisting Class Counsel with pleading and motion practice, including the consolidated complaint and responding to the motion to dismiss; and acting as client liaison for various plaintiffs in the action.

4. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time, by category, spent by the attorneys of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.[1] The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[2] Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5. The hourly rates above are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation, including within this District.

6. The total number of hours expended on this litigation by my firm is 205.1 hours. The total lodestar for my firm is $107,677.50.

---

1. This application does not include time for anyone who spent fewer than 5 hours on this litigation.

2. These records may include information concerning privileged and/or confidential attorney-client communications or work product.

7. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

8. By agreement between Plaintiffs' Counsel, my firm is not charging separately for the following costs and expenses: travel, secretarial and clerical overtime, including their meals and local transportation; word processing; secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, meals while traveling for the case, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

9. ELP's fee's will be paid by Class Counsel from the fee and expense request awarded by the Court. It will not increase the overall fees requested by Plaintiffs' Counsel and will not reduce the amount recovered by the Class.

10. With respect to the standing of counsel in this case, attached hereto as Exhibit 2 is my firm's résumé and brief biographies for the attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of November 2017, at Davie, Florida.

Joshua H. Eggnatz, Esq.

3

# EXHIBIT 1

## Frito-Lay North America, Inc. "All Natural" Litigation
No. 12-MD-02413-RRM-RLM (E.D.N.Y.)
### TIME AND EXPENSE SUMMARY

**FIRM NAME:** Eggnatz, Lopatin & Pascucci, LLP

**REPORTING PERIOD:** Case Total

| Name | Status | A | B | C | D | E | F | G | H | I | J | K | Total Hours to Date | Hourly Rate | Total Lodestar to Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joshua H. Eggnatz | P | 4.7 | 45.2 | 0 | 1.9 | 0 | 6.6 | 26 | 0 | 0 | 2.4 | 2.6 | 89.4 | $525/hr | $46,935.00 |
| Benjamin M. Lopatin | P | 35.2 | 37.9 | 3.1 | 1.8 | 0 | 7.4 | 30.3 | 0 | 0 | 0 | 0 | 115.7 | $525/hr | $60,742.50 |
| TOTAL | | 39.9 | 83.1 | 3.1 | 3.7 | | 14 | 56.3 | | | 2.4 | 2.6 | 205.1 | 525/hr | $107,677.50 |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

**CATEGORIES**

**A.** Case Assessment, Pre-Filing Investigation, Initial Complaint, Client Outreach and Retention
**B.** Briefs, Motions, Pleadings (after initial compliant), Legal Research
**C.** Class – certification briefing, class discovery, class rep contacts
**D.** Discovery (merits but not class; incl. request, responses, motions/briefing) and Fact Investigation
**E.** Experts/consultants
**F.** Strategy
**G.** Court Appearances and Prep
**H.** Trial, Pre-Trial Prep
**I.** Appeals, incl. papers, prep, appearance/argument
**J.** Settlement
**K.** Case Admin/Other
**L.** Non-billable

**STATUS**

P = Partner

A = Associate/Staff Attorney

C = Of Counsel/Sr. Counsel

PL = Paralegal

O = Other

EXHIBIT 2



Offices Located at:

Florida
5400 S. University Drive, Suite 417
Davie, FL 33328

California
2201 Market Street, Suite H
San Francisco, CA 94114

Eggnatz, Lopatin & Pascucci, LLP ("ELP") is a multi-jurisdictional law firm with offices in Florida and California. ELP's practice is concentrated on consumer class actions in both federal and state courts, with a focus on food and dietary supplement, and consumer privacy litigation. ELP has successfully achieved changes to the labeling and marketing of various popular consumer products.

Joshua H. Eggnatz handles a variety of actions in civil litigation with an emphasis on consumer protection and personal injury. He obtained his law degree from Nova Southeastern University, Shepard Broad Law Center, *Magna Cum Laude*, and a bachelor of science in legal studies from The University of Central Florida, *Magna Cum Laude*. He is licensed to practice law in the State of Florida, and is admitted to practice before the following federal courts: Supreme Court of the United States; Eleventh Circuit Court of Appeals; United States District Court, Southern District of Florida; United States District Court, Middle District of Florida; United States District Court, District of Colorado. He has also litigated consumer class actions throughout the United States as part of coordinated multi-district litigations, and on a *pro hac vice* basis. He has been named to the *Florida Super Lawyers, Rising Stars* list for the past five years (2013-2017), and was selected as a finalist for the *Lifestyle Media Group's* Leaders in Law award in 2014.

Benjamin M. Lopatin's practice is primarily devoted to class-action litigation in the areas of consumer protection, false advertising, and consumer privacy. He received his Juris Doctor degree (J.D.), *cum laude*, from the Shepard Broad Law Center at Nova Southeastern University, and a Master of Laws degree (LL.M.) in intellectual property, from DePaul College of Law He Mr. Lopatin is licensed to practice law in the State of California, and is admitted to practice before the following federal courts: Supreme Court of the United States; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Eleventh Circuit; United States District Court for the Northern District of Florida; United States District Court for the Northern District of California; United States District Court for the Eastern District of California

;United States District Court for the Central District of California; United States District Court for the Southern District of California; United States District Court for the District of Colorado; and United States District Court for the Northern District of Illinois (General Bar). Mr. Lopatin has obtained favorable results against several defendant food manufacturers. He has been responsible for remedying consumer deception, particularly with respect to food labeling, through litigation. He has successfully achieved changes to the labeling and marketing of popular food products that previously had caused consumer confusion. He has substantial experience with consumer class actions, consumer fraud and false advertising, involving consumer protection, false advertising, and consumer privacy.

The lawyers at ELP have been appointed Class Counsel in the following consumer protection actions:

*Moore, et al. v. GNC Holdings, Inc.*, 0:12-cv-61703-WPD (S.D. Fla.) (Class Counsel in a contested Nationwide class action involving creatine dietary supplement labeling);

*Rappaport v. Jamba Juice Co.*, No.: CGC-12-521091 (San Francisco Superior Court) (Class Counsel in a contested California class action involving unfair pricing practices);

*Klacko v. Diamond Foods, Inc.*, No. 14-80005-BB (S.D. Fla). (Class Counsel in a Nationwide class action involving "All Natural" food labeling);

*Teufel v. Karlin Foods Corp.*, 1:14-cv-23100 (S.D. Fla.) (Class Counsel in Nationwide class action involving "All Natural" food labeling);

*Barron, et al. v. Snyder's-Lance*, 0:13-cv-62496 (S.D. Fla.) (Class Counsel in Nationwide class action involving "All Natural" food labeling);

*Bandell, et al. v. Massage Envy Franchising, LLC*, 3:16-cv-.01236 (S.D. Cal.) (Class Counsel in Nationwide class action involving unfair and unconscionable consumer services contracts);

*Holliday v. Vitacost.com, Inc.* 2015-CA-010160 (AA) (15th Judicial Circuit, Palm Beach County, FL) (Class Counsel in Nationwide class action involving magnesium dietary supplement labeling); and

*Vincent, et al. v. Method Products, PBC* (7:16-cv-06936-NSR (S.D.N.Y.) (Class Counsel in Nationwide class action involving mislabeled cleaning and household products)

Eggnatz, Lopatin & Pascucci, LLP has also successfully negotiated settlements in other consumer class action matters. A list of some of the firm's other notable consumer protection cases include the following:

*Altman v. Frito-Lay North America, Inc.*, 1:12-cv-06105-RRM-RLM (S.D. Fla.) (Centralized in the E.D. NY, In re: Frito-Lay North America, Inc. All Natural Litigation, MDL No.: 2413) (proposed nationwide class action involving "All Natural" food labeling); *Leo v. Pepperidge Farm, Inc.*, 13-cv-2866 (Dist. Colorado) (formerly S.D. Fla. 9:13-cv-80598-KLR (proposed

Florida class action involving improper "All Natural" food labeling); *Mirabella v. Vital Pharmaceuticals, Inc.*, 0:12-cv-62086-WJZ (S.D. Fla.) (proposed nationwide class action involving energy drink supplement labeling); *Feiner v. Innovation Ventures, LLC*, 0:12-cv-62495 (S.D. Fla.) (Centralized in the C.D. CA, In re: 5-Hour Energy® Marketing and Sales Practices Litigation, MDL No.: 2438) (proposed Florida class action involving energy drink supplement labeling); *Cruz v. Tropicana Products, Inc. et al.*, No.: 10-62926 CA 08, Circuit Court, Miami-Dade County, Florida (proposed nationwide class action involving improper food labeling; appeal to be filed); *Kloszewski v. Bank of America, N.A.* No.: 12-35513 CACE 14, Circuit Court, Broward County, Florida (individual banking action brought under the Fair Credit Reporting Act and common law claims); *Griffith, et al. v. Gruma Corporation*, 14-cv-00833-YRG (N.D. Cal.) (formerly S.D. Fla. 9:13-cv-80791) (proposed Florida class action involving "All Natural" food labeling; class certification pending) *Mazzeo v. USPLabs, LLC.*, 13-62639 (S.D. Fla) (proposed Florida class action involving dietary supplement labeling); *Foster v. Chattem, Inc.*, 6:14-cv-00346 (M.D. Fla.) (proposed Florida class action involving cosmetic mouthwash labeling, class certification pending); *Batalla v. The Hain Celestial Group, Inc.*, 14-80246-CV (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Bohlke v. The Hain Celstial Group, Inc.*, 14-80300 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Erye v. T. Marzetti Co.*, 9:14-cv-80626 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Decastro v. Small Planet Foods, Inc.*, 9:14-cv-80033 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Dye v. Bodacious Food Co.*, 9:14-cv-80627 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Epstein v. Aidells Sausage Company, Inc.*, 9:14-cv-80916 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Mackenzie v. The Blue Buffalo Company, Inc.*, 9:14-cv-80634 (S.D. Fla.) (In re: Blue Buffalo Company LTD Litigation, MDL No.: 2562) (proposed Florida class action involving pet food mislabeling); *Markley v. Whole Foods Marketing, Inc.*, 8:14-cv-01892 (M.D. Fla.) (proposed Florida class action involving sugar content mislabeling) *Mazzeo v. Nature's Bounty, Inc.*, 14-cv-60580 (S.D. Fla) (proposed Florida class action involving dietary supplement labeling); *Monka v. JAG Specialty Foods, LLC.*, 9:14-cv-80764 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Pettinga et al. v. B&G Foods, Inc*, 9:14-cv-81159 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Sturdivant v. Bob's Red Mill Natural Foods*, 9:14-cv-80765 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Vandenberg v. Medora Snacks, LLC*, 9:14-cv-81010 (S.D. Fla) (proposed Florida class action involving "All Natural" food labeling); *Riveron v. Home Depot USA, Inc.*, 9:14-cv-81175 (S.D. Fla) (proposed Florida class action involving data breach of consumer's personal identifiable information); *Laboon v. Unilever United States, Inc.* and *Pepsico, Inc.*, 0:15-cv-60914 (S.D. Fla.) (proposed Florida class action involving "All Natural" food labeling); *Medgebow v. Merchant Capital Source, LLC, et al.*, 15-cv-81497 (S.D. Fla.) (proposed Nationwide class action under the Telephone Consumer Protection Action Act); *Hulse v. Wal Mart Stores, Inc.*, 2015 CA 000274 (7th Judicial Circuit, In and For Flagler County, FL) (proposed Nationwide class action involving deceptive juice labeling); *Romero, et al. v. General Nutrition Corporation, Inc.*, 15-019703 (17th Judicial Circuit, In and For Broward County, FL) (proposed nationwide class action involving dietary supplement labeling); *Brattain v. Santa Fe Natural Tobacco Company, Inc., et al.*, 15-cv-4705 (N.D. Cal.) (proposed Nationwide class action involving "natural" cigarette labeling); and *Jones v. Waffle House, Inc., et al.*, 6:15-cv-01637 (M.D. Fla.) (MDL No.: 2695) (proposed Nationwide class action brought

under the Fair Credit Reporting Act); *Furbush, et al. v. University of Central Florida Board of Trustees*, 6:16-cv-204 (M.D. Fla.) (proposed Nationwide class action involving data breach of student and employee private information); and *Birken-Sikora, et al. v. 21st Century Oncology Holdings, Inc.*, 2:16-cv-334 (M.D. Fla.) (proposed Nationwide class action involving data breach of medical records and other private information)